# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2012

Lyle W. Cayce
Clerk

No. 11-30198

ERROL HOUSTON, JR.,

Plaintiff - Appellant

v.

CITY OF NEW ORLEANS; LEON CANNIZZARO, District Attorney for the Parish of Orleans; WARREN J. RILEY, Superintendent of the New Orleans Police Department,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

ON PETITION FOR REHEARING

Before BARKSDALE, GARZA, and ELROD, Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is GRANTED. We withdraw our prior opinion, *Houston v. City of New Orleans*, 675 F.3d 441 (5th Cir. 2012), and substitute the following.

In this action under, *inter alia*, 42 U.S.C. § 1983, Errol Houston, Jr., claims defendants violated his Fourteenth Amendment rights (to keep and bear arms, incorporated from Second Amendment, and to due process) by retaining his lawfully-seized firearm after the district attorney refused charges. The action was dismissed under Federal Rule of Civil Procedure 12. VACATED and REMANDED.

I.

Because the dismissal was under Rule 12, the facts that follow are from the allegations in Houston's operative complaint.

Houston was arrested by New Orleans police officers on 5 July 2008. Pursuant to that arrest, Houston's firearm, a Glock 22 .40-caliber pistol, was seized. Approximately a month later, the district attorney entered *nolle prosequi* (abandonment of prosecution) on the charges against Houston.

Almost a year after his arrest, and following his requests for the return of his firearm being denied by the district attorney's office and the police department, Houston filed this action on 2 July 2009, claiming, *inter alia*, violations of the right to keep and bear arms and of due process, and seeking primarily the return of his firearm. Houston alleged he had been informed that the new district attorney (defendant Cannizzaro) had implemented a policy of not returning firearms seized during arrests.

Just over a month later, Houston again was arrested by New Orleans police officers. He was informed that a warrant for his arrest, on the charge of illegal possession of a firearm, had issued at the request of the new district attorney on 5 July, three days after this action was filed. That charge was also "nolle prossed". In an amended complaint, Houston added claims for retaliation and unlawful arrest.

The district court dismissed, *inter alia*, Houston's Second Amendment and procedural due process claims under Rule 12(b)(6) as to the New Orleans district attorney and Rule 12(c) as to the City and the former police superintendent.

II.

A.

No authority need be cited for the long-established prudential rule that federal courts do not decide constitutional issues where there is an adequate state-law basis to resolve the dispute. In that regard, arguably state law will resolve whether public officials could retain Houston's handgun, whether as a firearm or simply as his property, following the entry of *nolle prosequi* by the district attorney. Only two statutes arguably confer on New Orleans officials the ability to retain lawfully seized property.

La. Rev. Stat. 40:1798 is titled "Firearms; disposal by law enforcement agencies". Subsection (D) states:

> If the seized . . . firearm is not contraband, and if the law enforcement agency knows the owner of the seized or forfeited firearm, and if the owner did not commit any violation of any federal or state law or local ordinance in which the seized or forfeited firearm was involved, and if the owner may lawfully possess the seized or forfeited firearm, the law enforcement agency shall return the seized or forfeited firearm to the owner.

La. Rev. Stat. 15:41 governs "Disposition of property in connection with criminal proceedings". The general statute provides:

> A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
>
> B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:

> (1) The seized property shall be returned to the owner [unless the property is contraband]; otherwise, Paragraph (2) of this Section shall apply . . . .
>
> C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided . . . or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.

Paragraph D of § 15:41 authorizes the destruction of any "controlled dangerous substance" or paraphernalia thereof by a criminalistic laboratory after five years, and upon prior notice to the district attorney and the seizing agency.

Reasonable minds may differ on whether § 40:1798(D) automatically entitles Houston to the return of his firearm, or whether, because a prosecution occurred, § 15:41 prescribes the applicable procedures. One thing is clear: both statutes mandate the return of property, firearm or other property, to its lawful owner when it is not contraband and is no longer needed by law enforcement. Section 40:1798(D) may be self-executing in this regard. But, even if the property owner must resort to § 15:41, the upshot of its provisions is that, when the government's "use" or "need" for evidence "in connection with a criminal proceeding" is ended, its right to withhold such property from the undisputed owner also terminates. Thus, "[t]he seized property shall be returned to the owner". *Cf. Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 508 (1995) (explaining that the "use" of a firearm in a federal statute connotes active employment of the weapon). This is a self-executing provision. Subsection C may require the "person claiming to be the owner" to seek release from a court if the government withholds his seized property on a contested claim that the proceeding has ended or a contested claim of ownership. But, on the face of the

complaint, arguably neither of those contingencies existed here. There is no authority for the government to hold the property when, by its own act, it has ceased active "use" or "need" for the "evidence".

Accepting, as we must, the truth of the well-pleaded allegations in Houston's complaint, the government's refusal to restore the firearm to Houston following the second *nolle prosequi* (if not earlier) arguably placed it in violation of these state-law provisions.

B.

Of course, in the light of the above discussion and our vacating the dismissal of Houston's Second Amendment and procedural due-process claims, those two claims are pending. On remand, if Houston does not secure return of his firearm under state law, those two constitutional claims must be addressed.

III.

For the foregoing reasons, the judgment is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion, including, but not limited to, determining whether the government has active "use" or "need" for Houston's firearm.